# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
2012 FEB 22 P 1:38
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

Charles E. McManus III,
6837 Baltimore Annapolis Blvd
Linthicum, MD   21090-1601
         Plaintiff

v         Civil Action No. WDQ 12 CV 0565

Social Security Administration
Office of Privacy and Disclosure
617 Altmeyer Building
6401 Security Blvd
Baltimore, MD   21235
         Defendant
Also serve:   Rod J. Rosenstein
      United States Attorney
      36 S. Charles Street
      Baltimore, MD   21201
and:   Eric H. Holder Jr.
      Attorney General
      950 Pennsylvania Avenue
      Wash, DC   20530-0001

## COMPLAINT

Charles E. McManus III sues the Social Security Administration, and in support says:

1. This action arises under the Freedom of Information Act. 5 USCA §552(a)(2)(B) and (C) provide that the United States district court

for the district in which the complainant resides has jurisdiction to enjoin an agency from withholding agency records and to order the production of agency records improperly withheld.

2. Plaintiff calls to the attention of the Court and Defendant the provisions of 5 USC §552(a)(4)(C) that Defendant is required to serve an answer or otherwise plead within 30 days after service.

3. On 22 October 2011 Plaintiff wrote to Defendant the following letter requesting to examine documents believed to be in the possession of Defendant:

> This request is being made pursuant to the Freedom of Information Act, 5 USCA §552(a)(2)(B) and (C).
>
> I wish to examine, and maybe copy:
>
> 1. All documents, possibly dated on or near 19 February 2008 or 19 November 2008, by which the Social Security Administration announced to its employees that a birth certificate would no longer be required as part of the process of applying for Medicare and/or Social Security benefits.
>
> 2. All documents by which the Social Security Administration announced to the public that a birth certificate would no longer be required as part of the process of applying for Medicare and/or Social Security benefits.
>
> 3. All documents, files, folders, and papers, by whatever name called, that consider the subject matter of the documents requested in categories 1 and 2.
>
> I ask that you respond to each category separately. In particular, I have been told that there are no documents of the type requested in the second category. If this is the case, I ask that your response state that there are no documents of the type requested in the second category.
>
> Very truly yours,

4. By letter dated 1 November 2011 Dawn S. Wiggins, Freedom of Information Officer, wrote to Plaintiff a letter in which she acknowledged receipt of Plaintiff's request. Her letter included the reference code S9H: AH4192 and provided a telephone number (410-965-1727) that Plaintiff could call to check on the status of his request.

5. Plaintiff has received no other correspondence from Defendant.

6. Plaintiff has had one other contact with Defendant. On 15 February 2012 Plaintiff telephoned 410-965-1727, listened to a recorded message, punched buttons as instructed, and spoke his name and telephone number as instructed. It was Plaintiff's intention to inquire if perhaps Defendant had mailed a response that Plaintiff had not received. As of the time of printing this complaint in the evening of 21 February 2012, Plaintiff's call has not been returned.

7. The FOIA provides that an agency shall make a determination on a request within 20 working days after receipt of the request, 5 USC §552(a)(6(A)(1).

8. More than 3½ months have passed since Defendant acknowledged having received Plaintiff's FOIA request.

WHEREFORE, Plaintiff requests that this Court enter an order

A. enjoining the Social Security Administratioon from withholding the records requested,

B. compelling the Social Security Administration to produce the records requested, and

C. awarding to Plaintiff reasonable attorney's fees and other litigation costs, as permitted by 5 USC §552(a)(4)(E).

UNDER penalties of perjury I declare that the facts set forth in this Complaint are true and correct.

Dated: 21 February 2012

Charles E. McManus III
6837 Baltimore Annapolis Blvd
Linthicum, MD    21090-1601
410-497-4233
cemcmanusiii@hotmail.com
fax: none

Please note: Plaintiff uses the public library for access to the internet. Accordingly, he does not have the ability to monitor e-mail activity continuously. Sometimes a week or even two weeks can pass between visits to the library.